IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE D. FORD, JR.,

                    Plaintiff,

          v.                                                    OPINION and ORDER

PAULA J. STOUDT, PHILLIP BRYANT, AMY                              25-cv-930-jdp
JOHNSON, LAUFENBERG, and SGT. BINDL,

                    Defendants.

---

Plaintiff Willie D. Ford, Jr., proceeding without counsel, alleges that he has a carrot allergy and that several members of the staff at Wisconsin Secure Program Facility are responsible for serving him a meal that contained carrots, triggering an allergic reaction that required emergency medical care. Ford does not identify any legal theories in his complaint, but he alleges that defendants showed "deliberate indifference to medical needs," so I understand Ford to be asserting a claim under the Eighth Amendment to the United States Constitution.

The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, which require the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening the complaint of a plaintiff without counsel, I accept the allegations as true and read the complaint liberally. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Ford must still "plead a plausible claim for relief," *Balle v. Kennedy*, 73 F.4th 545, 557 (7th Cir. 2023), which means that he must provide fair notice of his claim and raise his right to relief above the level of speculation, *McCray v. Wilkie*, 966 F.3d 616, 620 (7th Cir. 2020). Stated another way, Ford must "present a story

that holds together" under the relevant law. *Taylor v. Salvation Army National Corporation*, 110 F.4th 1017, 1028 (7th Cir. 2024).

For the reasons below, I conclude that Ford has not stated a claim under the Eighth Amendment, but I will give him an opportunity to amend the complaint.

ANALYSIS

The Eighth Amendment is violated when a prison official knows that a prison's health or safety is seriously threatened, but the official disregards that risk. *Farmer v. Brennan*, 511 U.S. 825 (1994). Ford has not stated a claim under this standard because his complaint includes no plausible allegations that any of the defendants knew that they were giving food to him that he could not eat.

Ford alleges the following:

- Defendant Bindl, the unit sergeant, told Ford that he was going to call the kitchen to a get a different meal for Ford because the meal being served contained carrots.

- Bindl later told Ford that he had spoken to Amy Johnson, who told Bindl that the meal did not contain any carrots and was safe to eat. (Ford does not identify who Johnson is, but it is reasonable to infer that she was part of the kitchen staff.)

- After Ford had already started eating the meal, Bindl told Ford that Johnson had called back and told Bindl that the meal *did* contain carrots after all and Ford should not eat it.

2

- Bindl told Ford that Phillip Bryant directed "Laufenberg" to include carrots in the meal. (Ford does not explain who Bryant or Laufenberg are.)

- Ford suffered an allergic reaction requiring two epinephrine injections, albuterol breathing treatments, and a 50mg dose of diphenhydramine.

The only reasonable inference that can be drawn from these allegations is that defendants made a mistake. But a mistake cannot provide the basis for an Eighth Amendment claim. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996.).

As for Bindl, he was relying on information from someone else. Ford does not allege that Bindl was trying to trick Ford into eating carrots, and he identifies no reason why Ford would have known that Johnson was providing incorrect information.

As for Johnson, it is not clear from Ford's allegations why she initially told Bindl that the meal did not contain carrots. But it is not reasonable to infer that she knew she was providing false information at the time. She called Bindl back a short time later, correcting her mistake and directing Ford not to eat the meal. Ford identifies no way that Johnson would have known that Ford had already obtained a meal and started eating it.

As for Bryant and Laufenberg, Ford alleges that they decided to include carrots in the meal. But including a common vegetable in a meal for the general prison population does not violate the Eighth Amendment. Ford does not allege that either defendant decided to include carrots in the meal to harm him or that they were aware that someone with a carrot allergy would consume the meal.

The caption of the complaint also includes a person named Paula J. Stoudt. But the body of the complaint includes no allegations about her.

It is not reasonable to infer from the allegations in Ford's complaint that any of the defendants knew that they were subjecting Ford to a substantial risk of serious harm. So I will dismiss the complaint for failure to state a claim.

Ford does not say in his complaint whether he wants to assert a negligence claim under state-law. But even if he does, I could not consider that claim. Generally, a court can consider state-law claims only if the parties are citizens of different states or if the state-law claim is related to a federal claim in the same case. *See* 28 U.S.C. §§ 1332 and 1367. It is not reasonable to infer that Ford and defendants are citizens of different states, and I am dismissing the federal claim, so I would not retain jurisdiction over any state-law claim. In any event, Ford does not allege that he complied with the notice of claim requirements for a state-law claim, and I could not consider any state-law claims before those requirements are met. *Weinberger v. State of Wisconsin*, 105 F.3d 1182, 1188 (7th Cir. 1997).

The general rule is that the court should give plaintiffs an opportunity to amend their complaint before dismissing the case with prejudice. *L. Offs. of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1133 (7th Cir. 2022). So if Ford believes that he can add allegations showing that one or more of the defendants knew that they were subjecting him to a substantial risk of serious harm, he may file an amended complaint.

ORDER

IT IS ORDERED that that the complaint is DISMISSED for failure to state a claim.

Plaintiff Willie D. Ford, Jr., may have until February 6, 2026, to file an amended complaint

that fixes the problems identified in this order. If Ford does not respond by then, I will dismiss

the case with prejudice, direct the clerk of court to enter judgment, and record a "strike" under

28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

Entered January 16, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge